# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 12-cv-3052 ) |
| REAL PROPERTY LOCATED AT 700 N. 14TH STREET, SPRINGFIELD, ILLINOIS, WITH ALL APPURTENANCES AND IMPROVEMENTS THEREON, | ) ) ) ) ) ) ) |
| Defendant. | ) |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on claimant Thalia Wilson's Motion to Conduct a Deposition by Remote Means or Written Questions Pursuant to Federal Rules of Civil Procedure Rule 30(b)(4); and/or to Issue a Protective Order Against Plaintiff Pursuant to Fed. R. Civ. P. Rule 26(c) (d/e 34) (Motion 34); and Wilson's Motion to Alter or Amend Judgment Denying Defendant/Claimant's Motion for Appointment of Counsel Pursuant to Fed. R. Civ. P. Rule 59(e) (d/e 35) (Motion 35). For the reasons set forth below, the Motions are DENIED.

STATEMENT OF FACTS

On February 16, 2012, the Government commenced this in rem action pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A) for the forfeiture of the real property located at 700 N. 14 Street, Springfield, Illinois (Defendant Real Property) alleging that the Defendant Real Property was used in connection with a drug trafficking crime in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 et seq. Verified Complaint for Forfeiture (d/e 1), ¶ 1. On April 4, 2012, Thalia Wilson filed a claim. Verified Claim (d/e 9). Wilson claimed to own the Defendant Real Property.

Fact discovery closed on February 28, 2013. Scheduling Order entered August 9, 2012 (d/e 14), ¶ 4. On March 22, 2013, Wilson moved to reopen fact discovery because she needed more time to depose witnesses. Motion to Re-Discovery (d/e 22), ¶ 2. The Government had no objection. Id., ¶ 3. The Court allowed the request and extended discovery to June 1, 2013. Text Order entered March 26, 2013. On March 28, 2013, the Court allowed Wilson's counsel to withdraw from the case. Text Order entered March 28, 2013. Wilson has thereafter participated in this case pro se. On June 28, 2013, the Court again extended the discovery deadline to October 1, 2013. Text Order entered June 28, 2013.

On July 9, 2013, counsel for the Government sent a letter to Wilson informing her that he intended to take her deposition in Springfield, Illinois. He suggested possible dates of August 27, 28, and 29, and September 10 and 11, 2013.  Motion 34, Collective Exhibit A, Letter dated July 9, 2013. On July 29, 2013, counsel for the Government sent a second letter to Wilson stating that she had not responded to the July 9, 2013, letter. Motion 34, Collective Exhibit A, Letter dated July 29, 2013.

On August 23, 2013, Wilson filed a Motion to Appoint Counsel (d/e 33) (Motion 33).  The Court denied Motion 33 on August 26, 2013. Text Order entered August 26, 2013.

On September 4, 2013, counsel for the Government sent a letter to Wilson informing her that he set her deposition for September 11, 2013, in Springfield, Illinois, since she did not respond to the July 9 or July 29 letters.  Motion 34, Exhibit B, Letter dated September 4, 2013.  In response, Wilson filed Motion 34 on September 10, 2013, and Motion 35 on September 13, 2013.

## ANALYSIS

Motion 34

Wilson asks the Court to direct the Government to take her deposition telephonically or by written questions.  She states that she lives in Mobile,

Alabama, and is the sole care giver for her ailing mother. She argues that requiring her to travel to Springfield for a deposition would work an undue hardship on her. The Government objects and argues that it needs an in-person deposition of Wilson to complete discovery effectively.

A party, such as the Government, may generally obtain discovery in any manner allowed by the Federal Rules. Therefore, the Government may discover information from Wilson by deposition. Fed. R. Civ. P. 30. Wilson has made herself a party to this action by filing a claim. See United States v. $100,000.00 in U.S. Currency, 2008 WL 5076176, at *2 (D. Nev. November 24, 2008). The location of the deposition of a party to an action is generally left to the party noticing the deposition. The district where the action is pending is generally a proper location for a deposition of a party. See United States v. Rock Springs Vista Development, 185 F.R.D. 603, 604 (D. Nev. 1999).

The Court has discretion to order a deposition by telephone or written questions when an in-person deposition would work an undue hardship on the deponent. The use of telephonic depositions or depositions on written questions, however, is not recommended for obtaining controversial testimony. Rock Springs Vista Development, 185 F.R.D. at 604. The ownership of the Defendant Real Property is the critical issue raised by

Wilson's claim; thus, her testimony will likely be controversial in this case. See McGinley v. Barratta, 2006 WL 2346301, at *2 (E.D. Pa. August 11, 2006).  A telephonic deposition is not as effective is such cases because the examiner cannot observe the demeanor of the deponent over the telephone and so may not be able to ask follow up questions that will secure the needed discovery.  The examiner also cannot know whether anyone is listening in or helping the witness.  See Rock Springs Vista Development, 185 F.R.D. at 604.  The examiner cannot ask follow-up questions at all in a deposition on written questions.  Such a limited deposition may result in a need for additional discovery.  An in-person deposition is the most effective manner to secure information from a deponent.

    Wilson states that requiring her to travel will cause an undue hardship because she has no one else to care for her mother.  In July 2013, however, Wilson traveled to Pennsylvania and was scheduled to travel out of state for a week.  Motion to Continue Additional Date for Reply to #29 (d/e 31), ¶¶ 2-5.  The Government further reports that Wilson stated in her discovery responses that she works as a travel nurse for three different placement or staffing agencies.  Opposition to Claimant's Motion to Conduct a Deposition by Remote Means or Written Questions and/or to

<u>Issue a Protective Order Against Plaintiff Pursuant to Fed. R. Civ. P. Rule 26(c) (d/e 40)</u>, at 10.  Based on the foregoing, it appears that Wilson is able to travel and find help to care for her mother during her absences.  The Court finds that Wilson fails to establish that traveling to Springfield, Illinois, for a deposition would pose an undue hardship.

The discovery deadline in this case has been extended twice already.  The discovery needs to be completed in the most effective and efficient manner.  Therefore, the Court, in its discretion, denies Wilson's request and requires her to appear in Springfield, Illinois, to be deposed in person.  Wilson shall file with the Court on or before October 31, 2013, a list of three possible dates during the month of November 2013 for her in-person deposition in Springfield, Illinois.  The Government shall schedule her deposition for one of those three dates and serve Wilson with a notice of deposition.  If Wilson fails to file a list of three possible dates for her deposition by October 31, 2013, the Government may notice her deposition for any date it wishes before December 15, 2013, in accordance with the Rules of Civil Procedure.  Wilson is hereby ordered to appear at the time and place on the Government's notice of deposition and answer questions under oath and in person at her deposition pursuant to the Federal Rules of Civil Procedure.

Motion 35

Wilson moves for the Court to reconsider its denial of her request for appointment of counsel. She argues that she is entitled to representation pursuant to 18 U.S.C. § 983(b)(2)(A). Section 983(b)(2)(A) provides:

> 2)(A) If a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, <u>and the property subject to forfeiture is real property that is being used by the person as a primary residence</u>, the court, at the request of the person, shall insure that the person is represented by an attorney for the Legal Services Corporation with respect to the claim.

18 U.S.C. § 983(b)(2)(A) (emphasis added). This section directs the Court to secure counsel for an indigent claimant if the property subject to forfeiture is the claimant's primary residence. Wilson lives in Mobile, Alabama. See Motion 34, at 1 (Springfield, Illinois is "more than twelve (12) hours away from Ms. Wilson's current address, 1224 Garland St., Mobile, Alabama, 36618 . . ."). The Defendant Real Property is not her primary residence. Her arguments to the contrary are not persuasive. Section 983(b)(2)(A) does not apply to her. Wilson presents no other basis for reconsideration. Therefore, Motion 35 is denied.

WHEREFORE claimant Thalia Wilson's Motion to Conduct a Deposition by Remote Means or Written Questions Pursuant to Federal Rules of Civil Procedure Rule 30(b)(4); and/or to Issue a Protective Order

Against Plaintiff Pursuant to Fed. R. Civ. P. Rule 26(c) (d/e 34), and Wilson's Motion to Alter or Amend Judgment Denying Defendant/Claimant's Motion for Appointment of Counsel Pursuant to Fed. R. Civ. P. Rule 59(e) (d/e 35) are DENIED.

This Court orders Wilson to file with the Court on or before October 31, 2013, a list of three possible dates during the month of November 2013 for her in-person deposition in Springfield, Illinois.  The Government shall schedule her deposition for one of those three dates and serve Wilson with a notice of deposition.  If Wilson fails to file a list of three possible dates for her deposition by October 31, 2013, the Government may notice her deposition for any date it wishes before December 15, 2013, in accordance with the Rules of Civil Procedure.  Wilson is hereby ordered to appear at the time and place on the Government's notice of deposition and answer questions under oath at her in-person deposition pursuant to the Federal Rule of Civil Procedure.  The Court extends the discovery deadline to December 15, 2013, for the limited purpose of completing the in-person deposition of claimant Wilson.

ENTER:  October 11, 2013

*s/ Byron G. Cudmore*
UNITED STATES MAGISTRATE JUDGE